**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **WILLIE R. ROBINSON, #A68230,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 20-cv-00541-JPG** |
| | ) |
| **DR. KEVIN,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Willie Robinson, an inmate in the Illinois Department of Corrections who is currently incarcerated in Shawnee Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff alleges that he was denied proper medical care for glaucoma at Danville Correctional Center ("Danville") and Centralia Correctional Center ("Centralia").  (Doc. 1, pp. 5-7; Doc. 1-1).  He suffered progressive vision loss as a result.  (*Id*.). Plaintiff seeks money damages.  (*Id*. at 7).

Plaintiff originally filed this action in the United States District Court for the Central District of Illinois.  *See Robinson v. Dunn, et al.*, No. 20-cv-02116 (C.D. Ill. filed May 13, 2020). In the Complaint, he named Jason Dunn, an optometrist at Danville, for the denial of proper medical care on April 5, 2014.  He also named "Dr. Kevin" (last name unknown), an optometrist at Centralia, for the denial of proper medical care on May 30, 2018.  (Doc. 1).  The Central District of Illinois dismissed the Eighth Amendment deliberate indifference claim against Jason Dunn as being time-barred.  (Doc. 8).  The Court then transferred the Eighth Amendment deliberate indifference claim against "Dr. Kevin" to this federal judicial district.  (*Id*.).

1

This matter is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).  The Complaint survives screening under this standard.

## The Complaint

Plaintiff sets forth the following allegations against "Dr. Kevin" in the Complaint (Doc. 1, pp. 5-7; Doc. 1-1): On May 30, 2018, Plaintiff attended an appointment with Dr. Kevin L/N/U at Centralia.  He complained of difficulty seeing and foggy vision.  He reported these same symptoms to an optometrist at Danville four years earlier.  Dr. Kevin examined Plaintiff's eyes and told him that he had 20/20 vision.  Plaintiff later learned otherwise, after he transferred to Shawnee on December 18, 2019.  He was seen by Dr. Hawk, who diagnosed him with advanced glaucoma and prescribed him medicine for the same.  Plaintiff claims that Dr. Kevin responded to his report of ongoing vision loss with deliberate indifference in violation of the Eighth Amendment.

Based on the allegations summarized herein, the Court designates the following count in the *pro se* Complaint:

> **Count 1:**    Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Kevin for disregarding Plaintiff's complaints of foggy vision associated with glaucoma during his incarceration at Centralia on or around May 30, 2018.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## Discussion

Deliberate indifference to serious medical needs of inmates may constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104

(1976).  To state such a claim, a plaintiff must show that: (1) he suffered from an objectively serious medical condition; and (2) state officials acted with deliberate indifference to his health or safety, which is a subjective standard.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The allegations satisfy the objective component of this claim.  The Seventh Circuit has recognized that glaucoma is "manifestly a sufficiently serious medical condition" because it eventually leads to blindness.  *O'Banner v. Bizzell*, 151 F.3d 1033, *2 (7th Cir. 1998).  Vision loss associated with cataracts also satisfies the objective standard.  *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Construed liberally in favor of Plaintiff, the allegations also satisfy the subjective component of this claim against Dr. Kevin.  At the time Plaintiff met with the doctor, he had an ongoing history of foggy and deteriorating vision.  He claims that Dr. Kevin deliberately disregarded his stated complaints when diagnosing him with perfect vision, just as the prior optometrist had done in 2014.  As a result, Plaintiff's vision continued to deteriorate until he was properly diagnosed with advanced glaucoma at Shawnee.  Given these allegations, the Court cannot dismiss Count 1 against Dr. Kevin, and this claim shall receive further review.

### Identification of Dr. Kevin L/N/U

Plaintiff shall be allowed to proceed with Count 1 against Defendant "Dr. Kevin." However, this defendant must be identified with particularity before service of the Complaint can be made on him.  Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant.  *Rodriguez*, 577 F.3d at 832.  In this case, the Warden of Centralia Correctional Center will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant.  Once the

name is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designation in the caption and throughout the Complaint.

**Disposition**

**IT IS ORDERED** that **COUNT 1** will receive further review against Defendant **"DR. KEVIN"** (last name unknown).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**Because Count 1 is a claim for the denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

The Clerk of Court is **DIRECTED** to **ADD** Defendant **WARDEN OF CENTRALIA CORRECTIONAL CENTER** as a defendant, in his or her official capacity only, and this defendant must respond to discovery aimed at identifying Dr. Kevin with particularity.  **The Warden need only enter his/her appearance and will receive further instructions on discovery at a later date.**

The Clerk of Court shall prepare for Defendant **WARDEN OF CENTRALIA CORRECTIONAL CENTER** (official capacity only) and **DR. KEVIN** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 8/5/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**