IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE ROBINSON,

        Plaintiff,

v.

KEVIN CHILDERS,

        Defendant.

Case No. 3:20-CV-541-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Judgment on the Pleadings or Alternative Motion for Summary Judgment filed by Defendant Kevin Childers. (Doc. 44). Childers asserts it is plain from the face of the Complaint that Plaintiff Willie Robinson did not exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act (PLRA). Robinson, through appointed counsel, argues the administrative remedy process was unavailable to him; thus, his failure to exhaust should be excused. (Doc. 54). The Court agrees with Childers and, therefore, grants his motion for judgment on the pleadings.

## BACKGROUND

Robinson filed his Complaint on May 13, 2020, alleging Childers failed to diagnose his glaucoma. (Doc. 1). When asked on the form complaint whether he filed a grievance concerning the facts related to his complaint, Robinson checked "no." (*Id.* at p. 4). When asked whether the grievance process was completed, he also checked "no." (*Id.*). Robinson explained that he filed a grievance "[d]irectly to Administrative Review Board because the incident happened years ago at other institutions." (*Id.*). He further stated that his eyes are

continuing to deteriorate, he has no one to assist him, and he wants his claim on file "in case he becomes legally blind during the exhaustion phase." (*Id.*).

In his Complaint, Robinson alleges Childers, an optometrist, was deliberately indifferent to Robinson's glaucoma by failing to properly examine and treat him, thereby irreparably harming his vision. (Doc. 1 at pp. 6-7). Robinson claims that on May 30, 2018, while housed at Centralia Correctional Center, he visited Childers and complained of hazy and foggy vision. (*Id.* at p. 5). Childers allegedly had Robinson read letters from an eye chart through various lenses before informing Robinson he had 20/20 vision. (*Id.*). On December 18, 2019, Robinson transferred to Shawnee Correctional Center. (*Id.*). After the optometrist at Shawnee examined Robinson, she said he had advanced stages of glaucoma and gave him medication. (*Id.* at p. 6).

Robinson attached the grievance he sent to the Administrative Review Board (ARB) to his Complaint. (Doc. 1-1). The grievance was signed March 27, 2020, and complained that Childers "diagnose[d] this inmate as having 20/20 vision despite this inmate['s] complaints. This inmate was examined in Shawnee C.C. and was found to have glaucoma in its advanced stages. Because this incident happened at other correctional facilities, it would be moot to send it through the process at Shawnee C.C., thus, this inmate is send[ing] this grievance directly to the Administrative Review Board." (*Id.*).

Robinson filed this lawsuit on May 13, 2020. (Doc. 1).

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The district court must view all of the facts in a

light most favorable to the non-moving party and may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support his claim for relief. *Id.* at 1204. The district court may not look beyond the pleadings, but it may take into consideration documents incorporated by reference to the pleadings. FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## DISCUSSION

"Under the Prison Litigation Reform Act . . . prisoners must pursue their complaints about prison conditions through all levels of the relevant administrative-review system before bringing a lawsuit in federal court." *Chambers v. Sood*, 956 F.3d 979, 981 (7th Cir. 2020). To satisfy this administrative exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances. *Id.* (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). The primary justification for this procedure "is to give the prison an opportunity to address the problem before burdensome litigation is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)).

Under the Illinois Administrative Code ("the Code"), an inmate begins the administrative review process by submitting a written grievance to his institutional counselor within 60 days of the incident or problem in question, unless the matter concerns discipline or sexual abuse, in which case it goes directly to the Grievance Officer. 20 ILL. ADMIN. CODE § 504.810(a) (2017). If an offender can demonstrate that a grievance was not timely filed for good cause, however, the grievance shall be considered. *Id.*

The counselor then refers the matter to the institution's Grievance Officer, who "shall consider the grievance" and report his or her findings and recommendation to the Chief

Administrative Officer—the warden—within two months after receiving the written grievance, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The Chief Administrative Officer then reviews the findings and recommendation of the Grievance Officer and advises the offender of his or her decision in writing. *Id.* Dissatisfied inmates may appeal to the ARB within 30 days after the date of the Chief Administrative Officer's decision." *Id.* § 504.850(a).

There are four circumstances, however, where an inmate is required to file a grievance directly with the ARB. *Id.* § 504.870(a). As relevant here, an offender must submit a grievance directly to the ARB when grieving issues "that pertain to a facility other than the facility where the offender is currently assigned, *excluding personal property and medical issues*." *Id.* § 504.870(a)(4) (emphasis added).

Here, the record from the face of the pleadings demonstrates that Robinson filed one grievance related to the medical care provided by Childers, and he sent that grievance directly to the ARB. While inmates may submit grievances directly to the ARB when complaining of issues that pertain to another facility, the Code has excluded medical issues from that provision since it was revised in 2017. Thus, Robinson was required to first file a grievance at his current facility before appealing to the ARB.

Robinson argues that, as an "impaired, handicapped, or illiterate" inmate, he needs assistance to file grievances, and when that assistance is withheld, such as in a pandemic, the administrative remedy procedure is essentially rendered unavailable. But Robinson's Complaint does not allege any failure on part of the prison to assist him with filing grievances, and a vague reference to the COVID-19 pandemic is unconvincing. Moreover, Robinson plainly was capable of sending a well-written grievance directly to the ARB. The

Court also notes that, in the case cited by Robinson, the Court of Appeals found the grievance process was unavailable to the plaintiff because he was suffering from severe mental health issues and was heavily medicated on mind-altering psychotropic drugs during the exhaustion period. *Weiss v. Barribeau*, 853 F.3d 873, 875 (7th Cir. 2017). The Court can hardly equate Robinson's glaucoma with the mental illness at issue in *Weiss*.

Robinson also argues that Childers has filed to demonstrate how a "normal" inmate, let alone one with vision issues and need for assistance, would communicate or participate in a grievance process at a different facility. But there is no such requirement that Robinson participate in the grievance process at a different facility. Rather, the Code required Robinson to file a grievance at his current facility. The response to that grievance from prison officials at Shawnee would then dictate his next steps in the process. Robinson decided to skip that process altogether by going directly to the ARB. Under the current version of the Code, that means he did not exhaust his administrative remedies.

## Conclusion

For these reasons, the Motion for Judgment on the Pleadings filed by Defendant Kevin Childers (Doc. 44) is **GRANTED**. This action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   October 25, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**