IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE ROBINSON, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-541-NJR |
| JASON DUNN and KEVIN CHILDERS, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on three motions filed by Plaintiff Willie Robinson related to the Notice of Appeal he filed on August 29, 2022. (Doc. 76). Robinson seeks the return of the $505 appellate filing fee that he claims was mistakenly withdrawn from his prison trust fund account. (Docs. 92, 94, 95).

To assist Robinson with understanding this Order, the Court provides a full account of the relevant filings in this case. In May 2020, Robinson filed this action pursuant to 42 U.S.C. § 1983 alleging Defendants Jason Dunn and Kevin Childers violated his Eighth Amendment rights when they failed to diagnose and treat his glaucoma. (Doc. 1). Dunn was dismissed from the case upon preliminary review. (Doc. 8). On October 25, 2021, the undersigned granted a motion for judgment on the pleadings filed by Childers related to Robinson's failure to exhaust administrative remedies prior to filing suit. (Doc. 65). The Court entered judgment the same day. (Doc. 66).

Robinson filed a motion to reconsider, which was denied by the Court on August 1, 2022. (Doc. 75). In its Order denying the motion to reconsider, the Court notified Robinson

that if he "wishes to appeal, he may do so by filing a Notice of Appeal in this Court. FED. R. APP. P. 3(a), 4. The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed unless a motion for leave to appeal in forma pauperis is also filed along with a recent trust fund account statement. FED. R. APP. P. 3(e), 24(a)(1)(C)."

On August 29, 2022, Robinson filed a document titled "Robinson v. Dunn, et al. Case Number 3:20-cv-00541-NJR." The document stated: "NOW comes the plaintiff, Willie Robinson, pursuant to Federal Rule App. P. 3(a), 4 and request that an appeal be taken in the above named (caption)." (Doc. 76). The Court construed this document as a notice of appeal, and the short record was transmitted by the Clerk's Office to the Court of Appeals. (Docs. 76, 77). The next day, Robinson filed a second document titled "Notice of Appeal" directly with the Court of Appeals, in which he stated that he was filing "a motion to proceed in forma pauperis and will get the most recent trust fund account statement as soon as it becomes available." (Doc. 77).

Having received that second document, the Court of Appeals opened a second appeal. On August 31, after realizing the second appeal was really a motion to proceed *in forma pauperis* ("IFP"), the Court of Appeals closed the second case and reminded Robinson to pay the appellate filing fee for the first case or file a complete motion to proceed IFP in the district court. *Robinson v. Childers*, No. 22-2523 (7th Cir. Aug. 31, 2022), at Doc. 2. Robinson did not pay the fee or file an IFP motion in this court.

On November 4, the Court of Appeals dismissed Robinson's appeal for failing to pay the fee or file an IFP motion in the district court. It further ordered "the clerk of the district court [to] collect the appellate fees from the prisoner's trust fund account using the

mechanism of Section 1915(b)." *Id.* at Doc. 5. Later that day, the Clerk's Office entered an order directing Robinson's institution, Shawnee Correctional Center, to remit the $505 appellate filing fee unless Robinson did not have the funds available. In that case, the prison was directed to send an initial payment of 20% of the current balance or 20% of the average balance during the past six months, whichever amount is higher, and thereafter, to forward monthly payments of 20% of the preceding month's income credited to Robinson's trust fund account (including all deposits to the inmate account from any source) until the statutory appellate fee of $505.00 is paid in its entirety. (Doc. 89).

Three things then occurred on November 14, 2022. First, this Court entered a notice on the docket that Robinson's $505 filing fee had been received from Shawnee. (Doc. 91). Second, an undated letter from Robinson was filed as a motion to withdraw his appeal. In the letter, Robinson states that he "did not pursue the mailing from the Clerk of the United States Court of Appeals BECAUSE, at this time, I do NOT wish to appeal." (Doc. 92). Third, the Court of Appeals entered an order noting the receipt of the filing fee, vacating its order dismissing Robinson's appeal, and reinstating the appeal. (Doc. 93).

On November 17, 2022, Robinson mailed a letter to the Court of Appeals, which it received on November 30, 2022. *Robinson*, No. 22-2523, at Doc. 8. Robinson stated: "I am adamant about NOT pursuing this appeal. I DID NOT SUBMIT A FORMA PAUPERIS nor do I intend to." *Id.* Seemingly believing an appeal is different from asking that his case be heard "*de novo*," which he claims he asked the Court of Appeals to do, he concluded by asking the court to return the filing fees that the district court "stole" from him. *Id.*

On December 2, 2022, in response to Robinson's letter, the Court of Appeals entered an order notifying Robinson that he can withdraw his appeal, but that does not relieve him

of his obligation to pay the appellate filing fee. *Id.* at Doc. 9. Furthermore, because his motion did not clearly state that he wanted to voluntarily dismiss his appeal, the Court denied the motion, to the extent there was one, without prejudice. *Id.* Robinson was directed to file a motion to withdraw his appeal that complies with Federal Rule of Appellate Procedure 42(b) by January 3, 2023. *Id.* Robinson also was reminded that, because his appeal is subject to the Prison Litigation Reform Act, "the filing of the notice of appeal triggered the obligation to pay the $505.00 in filing fees. Further, any challenge to the amount of money collected should be made in the district court." *Id.*

On December 12, a letter to the Clerk dated December 7 was filed as a motion to return appeal fee. (Doc. 94). In the letter, Robinson said the $505 appeal fee was mistakenly withdrawn from his account. (*Id.*). He stated that he filed a motion to return the fee around Thanksgiving, but that the law librarian had been on vacation. (*Id.*). On December 14, the Court received the motion, dated November 23, that Robinson referenced in his December 7 letter. The motion asked for the $505 to be returned because he never filed an IFP motion, he asked the Court of Appeals to hear his case *de novo*, and his case has "expired."

On December 19, Robinson filed a motion for clarification with the Court of Appeals, claiming that he never sought to appeal in the first place but instead wanted the Court of Appeals to consider his claim *de novo*. He further asked the court to explain how he triggered the appeal. *Robinson*, No. 22-2523, at Doc. 11. In response, the Court of Appeals, on December 20, entered an order granting Robinson an extension of time to January 17, 2023, to move to voluntarily dismiss his appeal. *Id.* at Doc. 12. It further clarified that Robinson triggered the appeal when he filed the document in the district court requesting "that an appeal be taken," which was construed as a notice of appeal. *Id.* The court again reminded Robinson that the

filing of a notice of appeal triggers the obligation to pay the appropriate filing fee and voluntary dismissal does not relieve the appellant of the obligation to pay the appellate filing fee. *Id.* (citing 28 U.S.C. § 1915(b)).

As the Seventh Circuit has explained to Robinson, once a person files a notice of appeal, that triggers the obligation to pay the $505 appellate filing fee. *See Ortiz-Rivas v. Mnuchin*, No. 20-CV-1844-PP, 2022 WL 14115354, at *3 (E.D. Wis. Oct. 24, 2022) (citing 28 U.S.C. § 1915(b)). It does not matter if the party later chooses to withdraw the appeal; the obligation to pay the *filing* fee attaches at the time the appeal is *filed*. *See id.*

Furthermore, the full $505 was not mistakenly withdrawn, as Robinson has acknowledged on several occasions that he did not move to proceed *in forma pauperis*. Thus, because Robinson had $505 available in his trust fund account on November 4, 2022, when the Court of Appeals ordered the clerk of this district court to collect the appellate filing fee, Shawnee Correctional Center appropriately remitted payment in full.

While the Court is sympathetic to Robinson's predicament, it cannot now return a fee that was correctly paid out of his account. If Robinson wishes to withdraw his appeal, he can do so by filing a motion with the Court of Appeals by **January 17, 2023**, but he will not receive a refund of his filing fee. Robinson's motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 6, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**